SHUTE v. MORLEY SEWING MACH. CO. et al.

(Circuit Court of Appeals, First Circuit.    October 31, 1894.)

No. 108.

1. PATENTS—VALIDITY AFFIRMED.
    Claims 2 and 13 of the Morley patent, No. 236,350, for a machine for sewing buttons on fabrics, sustained. Decree of the circuit court modified so as to be limited to these claims, and then affirmed. 62 Fed. 291.

2. SAME—DECREE BROADER THAN FINDINGS—COSTS ON APPEAL.
    The decree in a patent cause, which is broader than the findings, will be corrected by the appellate court of its own motion, and no costs will be allowed to either party, since it is the duty of complainant's solicitor to draw out a proper decree.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Morley Sewing Machine Company and the Morley Button Sewing Machine Company against Benjamin A. Shute and Abbie J. Shute, copartners, trading as Benjamin A. Shute & Co., for the alleged infringement of letters patent No. 236,350, granted January 4, 1881, to James H. Morley, and to E. S. Fay and Henry E. Wilkins, assignees of said Morley. A decree was rendered for complainants (62 Fed. 291), and defendants appeal.

John L. S. Roberts (Chas. Levi Woodbury, of counsel), for appellants.

Frederick P. Fish, William K. Richardson, and Ambrose Eastman, for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. We agree fully with the reasoning and conclusion of the judge who sat in the circuit court in this case, but we will notice two matters not spoken of in his opinion. The appellant maintains that in Sewing Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. 299, the supreme court construed the claims in

contest in this case as containing the element of a fabric-feeding mechanism. The alleged infringing machine in that case infringed these claims on either construction, and the supreme court had no occasion to consider the question involved in the case at bar, and does not specifically state that it had considered it. Our observations in the opinion passed down October 12, 1894, in King v. McLean Asylum, 64 Fed. 331, as to matters not necessarily considered by the court in reaching a result, disposes of this proposition of the appellant. The Dennis and Capron patent came into the case as an afterthought, and, though now strenuously urged, is so clearly lacking in point—as such afterthoughts are apt to be—that it needs no discussion, except to remark that in its operation the very first step is essentially unlike the automatic principle of the Morley machine, because the feeding of the hooks and eyes is done singly, by hand, instead of in mass.

The patent in suit contains 18 claims, and the prayers of the bill relate to the patent as a whole. The decree below directed that an injunction issue "according to the prayer of the bill," although only claims 2 and 13 were in issue. It has been many times urged that the public has an incidental interest in patent litigation, which throws a duty on the court to notice certain matters of its own motion. This is one of them; and in a patent cause a decree should not go which is broader than the findings of the court. Heretofore we have been content merely to correct the decree below, but, as the duty of drawing out a proper decree rests on the solicitor for the complainant, we will hereafter endeavor to protect the court by a proper adjustment of costs. As the appellant assigned no error on this account, he is not entitled to costs in this behalf. The decree of the court below will be modified so as to be expressly limited to claims 2 and 13, and, as thus modified, is affirmed. Neither party will recover any costs of appeal.